# Philadelphia Trust, Safe Deposit and Insurance Company's Appeal.

A deed of marriage settlement between A. & B., after providing that A. would not make any claim to the property of B., his intended wife, except as provided in said deed, conveyed all her real and personal estate to certain trustees, in trust to hold and manage the same for the sole and separate use of B. and pay her the income thereof, and in case A. should survive B. in trust to pay said income to him during his natural life and at his death to pay the same to such of B.'s children as should then be living, if any, during their minority, and to convey the corpus of the estate to them as they became of age; in case there were no such children, nor issue of such children, living at the death of A. "then in trust for the next of kin of B." their heirs and assigns forever. If B. should survive A. she was to have the right to change said deed by her will, but if she should die before A. without making a will then the trustees were to convey the estate to her next of kin. B. died before A., and subsequently, their only child C., died during his minority unmarried and without issue. Afterwards, upon A.'s death B.'s estate was claimed by C.'s administrators for those who were her next of kin at her death, and also by those who were her next of kin at A.'s death. By sustaining the latter claim the estate was kept in B.'s family, otherwise it went to the second wife of A. and the children of that marriage.

*Held*, that by the terms of the marriage settlement, the death of A. was the time to determine the next of kin of B. and that the estate should, therefore, be awarded to the latter claimants, especially as this distribution gave effect to B.'s intention, as shown by the language of the settlement, to pass her estate to those of her own blood.

January 12th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J. absent.

APPEAL from the Court of Common Pleas No. 1, of *Philadelphia county*: Of January Term, 1884, No. 272.

Appeal of the Philadelphia Trust, Safe Deposit and Insurance Company, administrators of the estate of J. Rudhall White, deceased, from a decree of said court dismissing their exceptions to, and confirming the report of an auditor upon the final account of Samuel C. Perkins, trustee under a deed of marriage settlement between John F. White and Carolina Peace.

Before the Auditor (Chas. W. Beresford, Esquire) the following facts appeared: In 1838 a deed of marriage settlement was executed by John F. White of the first part, Carolina Peace of the second part, and Joseph and Edward Peace as trustees of the third part. This deed provided for the settlement of the property, both real and personal of Carolina Peace as follows: "This indenture . . . . . witnesseth . . . . . And whereas, a marriage is intended shortly to be had and solemnized between the parties of the first and second parts, upon

the contract of which said marriage the said party of the first part hath agreed that if the same shall take effect, then, notwithstanding the said marriage, he the said party of the first part shall not and will not intermeddle with nor claim any right, title or interest, either in law or equity, in or to any part of the said real or personal estate, or the rents, issues, profits and income thereof, excepting only as far as is provided for by this indenture, but the same shall be and remain to and for such uses as are herein named and set forth."

The deed then conveyed all the real and personal property of the party of the second part to the said trustees "in trust, to hold and manage said estate to and for the sole and separate use of the party of the second part for and during the term of her natural life, apart from any interference and control of her intended husband, and pay the rents, income, etc., to the party of the second part for her sole and separate use as aforesaid."

And in case the party of the first part shall survive the party of the second part, in trust to pay rents, income, etc., to party of the first part for and during term of his natural life.

"And at the death of the party of the first part having so survived the party of the second part, to hold said estate and rents, income, etc., to and for the use of such child or children of the party of the second part as may be then living, during his, her, or their minority until his, her or their marriage, and as each shall attain the age of twenty-one years or shall be married, then in trust to convey the said estate and rents, income, etc., thereof on hand to said child solely if but one, and if more than one then his or her equal share to him or her and his or her heirs and assigns forever; provided, however, that if either of said children shall at any time die under the age of twenty-one years and unmarried, then his or her share shall go to the surviving children if any, as aforesaid; and provided further, also, that if either of said children shall leave lawful issue living at his or her death, then such issue shall inherit the same shares of said trust estate and of said rents, etc., which would in any way under this instrument have belonged to their said parent. And in case there are no such child or children or lawful issue of such child or children living at the death of the party of the first part, or all of them shall die under the age of twenty-one years unmarried and without lawful issue living at their said death respectively, then in trust for the *next of kin* of the party of the second part, their heirs and assigns forever.

And in case the said party of the second part shall survive the said party of the first part, and shall duly make her last will and testament, then in trust, to convey the said real and

personal estate and the rents, issues, profits and income thereof then remaining on hand, to such person and persons and in such share or shares and for such interest or interests as she by her said last will and testament shall designate.

And in case the said party of the second part shall survive the said party of the first part, and shall die without having duly made any last will and testament disposing of the said trust property then in trust to convey the same to the next of kin of the said party of the second part to them, their heirs and assigns forever."

The deed was duly executed and the marriage entered into.

One child, J. Rudhall White, was born October 17th, 1841. Carolina Peace White died January 13th, 1843. J. Rudhall White died September 20th, 1862, under twenty-one years of age, intestate, unmarried and without issue. John F. White died May 7th, 1881.

The present trustee was appointed March 13th, 1880, in place of the former trustees who had died, and his first and final account was filed June 14th, 1883, and referred to an Auditor.

The Phila. Trust &c. Co. claimed the balance in the Auditor's hands, as administrators of the estate of the said J. Rudhall White deceased, alleging that he was "next of kin of the party of the second part" at the time of her decease. The Auditor decided the next of kin of Mrs. White were to be ascertained at the time of the death of John F. White, her surviving husband and reported against the claim of the Trust Co. and in favor of those who were "next of kin" to Mrs. White at the death of her husband. This distribution kept the estate in the family of Mrs. White, while an award of the same to the administrators of J. Rudhall White would have carried the estate to the second wife of John F. White and the children of that marriage.

Exceptions filed to the Auditor's report were dismissed by the court and a decree entered confirming the same; whereupon the Trust Co. administrators, as aforesaid, took this appeal assigning for error the decree of the court.

*William H. Burnett,* for appellants.—The period of time when next of kin are to be ascertained is at the death of the person whose next of kin are to take: 2 Jarman on Wills, *129; Buzby's Appeal, 61 Pa. St., 111; Holloway *v.* Holloway, 5 Vesey, 399; Pearce *v.* Vincent, 1 Cr. & M., 598; Elmsley *v.* Young, 8 Eng. Ch. R., 227; Smith *v.* Smith, 35 Id., 269. The word "then," as used in this deed does not indicate any period of time whatever, it is simply a conjunction: Buzby's Appeal, 61 Pa. St. Rep. (11 P. F. S.,) 111; 2 Jarman (supra) *144;

Harrison *v.* Harrison, 28 Beavan, 21; Downes *v.* Bullock, 25 Id., 54 (1858), affirmed in 9 House of Lords Cases, 1 (1860).

*S. Davis Page* (with whom was *E. P. Allinson*), for appellees.

The opinion of the court was filed January 26th, 1885.

PER CURIAM. We agree with the conclusion of the Auditor, that the death of the life tenant was the time fixed by the marriage settlement, to determine the next of kin of Carolina Peace. We will not review the numerous authorities cited in the able argument of the counsel for the appellant. It is not necessary to question their force or the facts upon which they rest. In the present case, the clear intention of the settlor must control. That is the governing rule of construction. It is not sufficient to change the manifest intention of the whole instrument by creating a doubt whether the word " then " is not sometimes used as a conjunction, and not always as an adverb of time. Looking at the whole deed we think the reasonable presumption is that she did not intend the fund to pass to any person who was not of her blood. By holding as we do that the next of her kin was to be determined at the death of the life tenant, we give due effect to her intention as shown by the language used, to pass the property to those of her blood: Wharton *v.* Barker, 4 K. & J., 483; Long *v.* Blackall, 3 Vesey, 486; Jones *v.* Colbeck, 8 Vesey, Jr., 38; Phillip's Appeal, 12 Norris, 45.

> Decree affirmed and appeal dismissed at the costs of the appellants.